J-S39029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEHMAR GLADDEN | |
| Appellant | No. 3253 EDA 2014 |

Appeal from the PCRA Order October 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1010312-1997

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 28, 2015**

Jehmar Gladden appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County, dated October 15, 2014, dismissing his second petition filed under the Post-Conviction Relief Act (PCRA)[1] as untimely.  Gladden seeks relief from an aggregate judgment of sentence of life imprisonment imposed on May 24, 1999, following his jury conviction of second-degree murder, robbery, and criminal conspiracy.[2]  Because we agree the petition is untimely, we affirm.

Gladden's convictions arose when he and his two co-conspirators went to the victim's house to collect a $15.00 debt owed for cocaine, and one of

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502, 3701, and 903, respectively.

the other men shot the victim in the back. A jury convicted Gladden of the above-mentioned crimes and the trial court immediately imposed a sentence of life imprisonment for the murder conviction, and five to ten years' incarceration for the conspiracy offense, to be served concurrently. Gladden's judgment of sentence was affirmed by a panel of this Court on November 6, 2000. *See Commonwealth v. Gladden*, 768 A.2d 883 [1705 EDA 1999] (Pa. Super. 2000) (unpublished memorandum). Gladden did not subsequently file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On September 19, 2003, Gladden filed his first PCRA petition. Counsel was appointed, who then filed a "no-merit" letter pursuant to *Turner*/*Finley*.[3] After issuing a Pa.R.Crim.P. 907 notice, the PCRA court dismissed his petition on April 15, 2004. Gladden did not file an appeal.

The docket reflects the case went dormant until August 24, 2012, when Gladden filed the present *pro se* PCRA petition. Gladden also filed an amended PCRA petition on August 1, 2013. On September 10, 2014, the PCRA court provided Gladden with its Rule 907 notice of its intent to dismiss the petition without a hearing. Gladden then filed a *pro se praecipe* for *writ of habeas corpus ad subjiciendum* on September 30, 2014. The PCRA court

---

[3]  *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

treated Gladden's petition for *writ* of *habeas corpus* as a supplement to his August 24, 2012, PCRA petition,[4] and subsequently dismissed the petition as untimely on October 15, 2014. Gladden filed a timely notice of appeal on November 7, 2014.[5]

Our standard of review is as follows:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

---

[4] ***See*** PCRA Court Opinion, 12/23/2014, at unnumbered 2. We note the PCRA provides "the **sole means of obtaining collateral relief** and encompasses all other common law and statutory remedies of the same purpose that exist when [the Act] takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542 (emphasis added). The Pennsylvania Supreme Court has made clear that "the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA[.]" ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).

[5] The court did not order Gladden to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On December 23, 2014, the trial court issued an opinion under Pa.R.A.P. 1925(a).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.*

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Gladden's judgment of sentence was affirmed on November 6, 2000. Accordingly, his sentence became final on December 6, 2000, 30 days after the period to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a). Therefore, pursuant to Section 9545(b)(1), Gladden had one year from the date his judgment of sentence became final to file a PCRA petition. *See Taylor*, *supra*. The instant petition was not filed until August 24, 2012, over ten years later, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right ascertained is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of the date when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Gladden claims his petition falls under the timeliness exception of Subsection 9545(b)(1)(ii), because the facts upon which the claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. **See** Gladden's Brief at 5. Specifically, he contends his sentence of life imprisonment without the possibility of parole violates both the prohibition against cruel and unusual punishment and the equal protection clause in light of the United States Supreme Court's decision in **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (U.S. 2012).[6] **See** Gladden's Brief at 7-14. However, his argument is more akin to Subsection 9545(b)(1)(iii), the right ascertained is a constitutional right that

_____

[6] We note the **Miller** case was decided on June 25, 2012. Gladden filed his petition on August 24, 2012, which was within the 60-day time period.

was recognized by the Supreme Court of the United States.[7] He states that even though he was 18 years old[8] at the time of the offense, that is of no moment because as *Miller* suggests, "his brain was not fully developed." *Id.* at 9 (emphasis removed).

Here, the PCRA court found the following:

Because [Gladden] was not below the age of eighteen at the time he committed the crime for which he was convicted, the holding in *Miller* is not applicable to his case, and [Gladden] properly was denied post-conviction relief both because his petition was untimely filed and [the] *Miller* case did not apply to his matter.

PCRA Court Opinion, 12/23/2014, at unnumbered 4 (footnote omitted). We agree with the court's rationale.

In *Miller*, the Supreme Court held that "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460 (emphasis added). Although the Court made clear that it was not foreclosing a trial court's ability to impose a life sentence upon a juvenile convicted of murder, it imposed a requirement upon the trial

---

[7] Furthermore, to the extent that Gladden attempts to argue that *Miller* is a newly-discovered fact, we note Pennsylvania courts "have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by Section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citation omitted).

[8] Gladden was born on December 30, 1977. *See* Gladden's Brief at 5.

court to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469. Therefore, it was the mandatory sentencing scheme that the Supreme Court deemed unconstitutional when applied to juveniles, holding that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 2475.

Preliminarily, we note the Pennsylvania Supreme Court has held the *Miller* decision does not apply retroactively to benefit offenders seeking collateral review because it "'does not categorically bar a penalty for a class of offenders.'" *Commonwealth v. Cunningham*, 81 A.3d. 1, 10 (Pa. 2013) (quotation omitted), *cert. denied*, 134 S.Ct. 2724 (U.S. 2014). Therefore, Gladden's collateral claim does not satisfy the "newly recognized constitutional right" exception to the PCRA timing requirements. *See* 42 Pa.C.S. § 9545(b)(1)(iii) (providing exception to the timing requirements when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**") (emphasis added).

Moreover, Gladden concedes he was 18 years old at the time of the shooting. Because the *Miller* Court specifically limited its decision to juvenile offenders, it simply does not apply to the facts of Gladden's case.

*See Miller*, *supra*, 132 S.Ct. at 2469 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole **for juvenile offenders**.") (emphasis added); *see also Commonwealth v. Lawson*, 90 A.3d 1, 6 (Pa. Super. 2014) (holding **Miller** decision inapplicable to appellant's case when appellant was thirty-three years old at the time he committed murder).

Gladden's attempt to invoke the Equal Protection Clause is similarly meritless. He argues **Miller** applies equally to him as he falls within the class of individuals between the ages of 18 and 25 that is protected by the Eighth Amendment, and who are treated differently than others younger than 18 years old. Gladden's Brief at 10-13.

A panel of this Court rejected a similar claim in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). In that case, the co-defendants, who were 19 and 21 years old at the time they committed second degree murder, invoked the **Miller** decision in an attempt to overcome their untimely filed PCRA petitions. Although they recognized that they were not under the age of 18 at the time they committed the crimes, they argued that the holding of **Miller** was applicable pursuant to the Equal Protection Clause. This Court disagreed:

> Appellants … contend that because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the

courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in **Miller** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains. However, we need not reach the merits of Appellants' argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii).

*Id.* at 764 (citation omitted and emphasis in original). Accordingly, Gladden is similarly entitled to no relief.

As such, based on the aforementioned law, we conclude Gladden failed to plead and prove the applicability of the new constitutional right exception to the PCRA's timeliness requirement. The PCRA court properly denied Gladden's petition and, therefore, we affirm its October 15, 2014, order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>9/28/2015</u>